IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**KIMBERLY ALLCORN**                                                                **PLAINTIFF**

v.                                                                          CIVIL ACTION NO: 1:23-CV-121-SA-RP

**PAMELA KAY BEACH, et al.**                                                        **DEFENDANTS**

### ORDER DENYING DEFENDANTS' MOTION TO STRIKE

This matter is before the court on the Defendants' Motion to Strike "Supplemental" Report from Plaintiff's Proposed Expert Witness Witness, Soan Chau. ECF #68. The plaintiff opposes the motion. The court finds the motion is not well taken and should be denied.

The plaintiff Kimberly Allcorn brought this action seeking the recovery of damages for injuries she allegedly sustained in a collision between an automobile she was driving and a tractor trailer being driven by the defendant Pamela Kay Beach while in the course and scope of her employment with the defendant Western Flyer Express, LLC. Beach's tractor trailer was equipped with a dashboard camera that recorded the accident, some aspects of which are therefore not in dispute. Leading up to the accident, both vehicles were traveling northbound on a four-lane divided highway with a posted speed limit of 65 mph. Allcorn was travelling in the righthand lane ahead of Beach, who was travelling in the lefthand lane at a speed of 71 mph when Allcorn, who was travelling slower then Beach, initiated a lane change into the lefthand lane in front of Beach. Beach applied her brakes, but her tractor trailer nonetheless collided with the rear of Allcorn's vehicle, resulting in Allcorn's alleged injuries.

There is a fact dispute as to whether Beach, had she been driving the speed limit, could have avoided the collision. On June 10, 2024 – the plaintiff's expert designation deadline -- the plaintiff designated Soan Chau as an expert witness in the field of accident reconstruction. In her

written report, Chau opined that based on her calculations involving time, speed, and distance, if Beach had been travelling 65 mph when Allcorn initiated her lane change, Beach could have avoided the collision. On July 9, 2024, the defendants designated their own accident reconstruction expert, Ben Smith, who pointed out mathematical errors in Chau's calculations, which had Beach travelling 76 mph instead of the undisputed 71 mph. Smith opined that based on his own calculations, even if Beach had been travelling 65 mph when Allcorn initiated her lane change, Beach could not have avoided the collision. On August 7, 2024, the plaintiff produced a supplemental report by Chau correcting the mathematical errors pointed out by Smith and again concluding that if Beach had been travelling 65 mph instead of 71 mph, she could have avoided the collision.

The defendants now ask the court to strike Chau's supplemental report, arguing that because it contains changes to Chau's initial report that are not based on new information, it exceeds the scope of permitted supplemental reports and should be stricken as untimely because it was provided after the plaintiff's expert designation deadline. The plaintiff, on the other hand, argues that Chau's second report is a proper and timely supplemental report. The court agrees with the plaintiff.

A party's duty to supplement its expert witness disclosures is governed by Federal Rule of Civil Procedure 26(e), under which a party who has made a disclosure under Rule 26(a) "must supplement or correct its disclosure … in a timely manner if the party learns that in some material respect the disclosure … is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Under this court's Local Uniform Civil Rule 26(a)(5), such supplementations

must be made at appropriate intervals "and in no event later than the discovery deadline established by the case management order."

Contrary to the defendants' suggestion, there is no limitation in these rules to supplementing expert disclosures *only* if the supplementation is based on new information that was not available at the time of a previous disclosure. Rather, timely supplementation is permitted – in fact required – when a party learns that in some material respect the disclosure is incomplete *or incorrect*, which is precisely what occurred here.

The defendants argue that Chau's supplemental report falls outside Rule 26(e) nonetheless because the corrective information was already known to the defendants, whose expert pointed out the errors in his report. However, this argument cuts flatly against the defendants' request for relief, for by its reasoning, the plaintiff had no duty to provide the corrections, and Chau's supplemental report was gratuitous and unnecessary for him to be allowed to use his corrected calculations in support of his opinion at trial. Even the plaintiff does not take this position.

The court concludes that once Chau learned that the calculations in his report were incorrect, he had a duty to correct them in a timely manner in a supplemental report, and that is what he did. Chau did not provide an entirely new opinion masquerading as a supplement to his initial report, which would not be allowed. Rather, he learned that the mathematical calculations underlying his opinion were incorrect when Smith pointed them out in Smith's report, and Chau then corrected those calculations – but did not change his opinion – in a supplemental report provided to the defendants less than 30 days later and before the discovery deadline, which at that time was August 30, 2024 and which was later extended until October 18, 2024. There is

nothing improper here, and this finding is consistent with prior decisions of this court and others both inside and outside the Fifth Circuit.

For instance, in *Dijo, Inc. v. Hilton Hotels Corp.*, the defendants sought to exclude the plaintiff's expert's supplemental report, arguing that the expert "only sought to revise his figures after the defendants pointed out the blatant errors in his original calculations." No. 2:00CV113, 2005 WL 5976555, at *1 (N.D. Miss. June 16, 2005). The court denied the motion, stating, "Even assuming this is true … the court sees no reason to discourage plaintiff from recognizing errors in its own damages calculations and taking steps to correct them," particularly when the defendants then "had several months to respond to these revised calculations in anticipation of trial." *Id.* *See also Kaleta v. City of Anna Maria,* No. 8:16-cv-347-T-27AAS, 2017 WL 6261526, at *1 (M.D. Fla. Oct. 6, 2017) (denying motion to strike plaintiffs' amended expert reports that "changed specific amount due to calculating errors" where defendant "points to no evidence that Plaintiffs withheld expert information from them, or that they amended their reports for any reason other than to correct errors"); *In re Cox Enterprises, Inc Set-Top Cable Television Box Antitrust Litigation*, No. 09-ML-2048-C, 2011 WL 5514014, at *1 (W.D. Okla. Sept. 16, 2011) (denying motion to strike supplemental expert report where it corrected error in expert's calculations in initial report, and finding that supplemental report "offered nothing more than compliance" with expert's responsibility under Rule 26 "to supplement his opinions when he notices errors or mistakes in them"); *DataTreasury Corp. v. Wells Fargo & Company*, No. 2:06-CV-72 DF, 2011 WL 8810604, at *14 (E.D. Tex. Aug. 2, 2011) (denying motion to strike expert's supplemental report where supplementation merely corrected mathematical errors and did not change expert's ultimate opinion).

For these reasons, the Defendants' Motion to Strike "Supplemental Report" of Plaintiff's Proposed Expert, Soan Chau [ECF #68] is DENIED.

**SO ORDERED**, this the 12th day of December, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE