IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**KIMBERLY ALLCORN**                                                     **PLAINTIFF**

v.                                                  **CIVIL ACTION NO. 1:23-cv-121-SA-RP**

**PAMELA KAY BEACH, et al.**                                        **DEFENDANTS**

### ORDER ON PLAINTIFF'S MOTION TO EXCLUDE
### TESTIMONY OF MICHAEL WINKLEMANN, MD

This matter is before the court on the Plaintiff's Motion to Exclude Testimony of Michael Winklemann, MD. ECF #72. The defendants oppose the motion. For the reasons discussed below, the court finds the motion should be granted in part and denied in part.

The plaintiff Kimberly Allcorn brought this action seeking the recovery of damages for injuries she allegedly sustained in a collision between an automobile she was driving and a tractor trailer being driven by the defendant Pamela Kay Beach while in the course and scope of her employment with the defendant Western Flyer Express, LLC. The defendants designated Michael Winklemann, MD as a medical expert who would offer opinions -- based on his review of the plaintiff's medical records and his independent medical examination (IME) of the plaintiff to be conducted subject to the plaintiff's availability -- as to the plaintiff's pre-existing conditions, her injuries allegedly sustained in the accident and the treatment thereof.

After Dr. Winklemann conducted his IME of the plaintiff, the defendants provided the plaintiff with Dr. Winklemann's signed, written report identifying the medical records he reviewed, describing in detail the IME he performed, and concluding as follows:

> **Impression:** At this point, my impression is that of a pleasant 44-year-old lady with complicated social and psychiatric history with substance abuse and suicide attempt, history of previous L5 radiculopathy, history of previous foot surgery, with significant history of non-compliance. She does have very clear evidence of

1

residual central cord symptomatology with good overall compensation. A history of previous post-concussive syndrome is very plausible, but not well documented. No patient-physician relationship was established, and the patient will follow up with North Mississippi Medical Center.

A few days later, the defendants provided the plaintiff with a written "Addendum" to Dr. Winklemann's report. The addendum is signed by Dr. Winklemann and states as follows:

As future medical, I would certainly have her continue with Neurontin, Vistaril, and ibuprofen as previously prescribed. The patient does not need any assistive devices at this point, although has some weakness in her toe extensors and is recommended to wear supportive footwear which would not require a particular orthosis. The patient is otherwise independent in her activities of daily living. Antispastic medications have not been prescribed and have not been overtly needed. At this point, I do not feel that they will be needed in the future. Hopefully, this helps clarify some of your questions. No future surgery is anticipated.

The plaintiff now seeks to exclude Dr. Winklemann's testimony at trial, arguing that his written report is inadequate under Federal Rule of Civil Procedure 26(a)(2)(B), and that his opinions are inadmissible under Federal Rule of Evidence 702. The defendants argue otherwise, and they also argue that the plaintiff's challenge as to the inadequacy of Dr. Winklemann's report should be denied as untimely. The court will first address the defendants' untimeliness argument.

Local Uniform Civil Rule 26(a)(3) states, "Challenges as to inadequate disclosure of expert witness(es) must be made no later than thirty days before the discovery deadline or will be deemed waived." Because the plaintiff did not file her motion until November 1, 2024 -- two weeks after the October 18, 2024 discovery deadline – the defendants argue that her challenge should be deemed waived under the local rule. However, as the defendants acknowledge, they did not provide the plaintiff with Dr. Winklemann's report and addendum until less than 30 days remained in the discovery period. As such, the plaintiff could not possibly have met the local

rule's deadline for challenging the adequacy of Dr. Winklemenn's report, and the court will not penalize her for that. The plaintiff filed her motion within 30 days after receiving Dr. Winklemann's addendum and before the deadline for dispositive and *Daubert*-type motions passed. Under the circumstances, the court will decline to find that the plaintiff waived her challenge. For the most part, however, the court finds that her challenge fails on its merits.

As to the adequacy of Dr. Winklemann's report, Federal Rule of Civil Procedure 26(a)(2)(B) requires that the report contain, among other information, a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; and any exhibits that will be used to summarize or support them. The plaintiff argues that Dr. Winklemann's report lacks sufficient detail in these regards and does not clearly state Dr. Winklemann's opinions or the bases for them. The court disagrees.

The report identifies the documents -- including the medical records -- that Dr. Winklemann reviewed, and it describes in detail the plaintiff's history of present illness, past surgical history, current medications, social history, family medical history, pain level, and review of systems. The report also states in detail the results of Dr. Winklemann's physical examination of the plaintiff, including tests performed. The report contains his impression of the plaintiff's medical history, as well as his diagnosis of residual central cord symptomatology with good overall compensation. The report's addendum states Dr. Winklemann's opinions as to the plaintiff's current and future treatment needs, i.e., she should continue with certain previously prescribed medications, she has no need for an assistive device, she should wear supportive footwear that requires no particular orthosis, she is independent in her activities of daily living, she has not needed and will not need antispastic medications, and no future surgery is anticipated.

The court has little difficulty discerning what Dr. Winklemann's opinions are, the bases for them, and the facts or data he considered in forming them. Although the report does not include exhibits, Rule 26(a)(2)(B) does not require the inclusion of exhibits unless the expert will use exhibits to summarize or support his opinions. If an expert's report contains no exhibits, this means that the expert may not use exhibits to summarize or support his opinions at trial – it does *not* mean that the expert may not testify at trial.

As to the admissibility of Dr. Winklemann's testimony at trial under Federal Rule of Evidence 702, that rule charges the court with a gatekeeping obligation to ensure that any and all testimony based on scientific, technical, or other specialized knowledge "is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). "The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, et alia." *Knight v. Kirby Inland Marine Inc.,* 482 F.3d 347, 355 (5th Cir. 2007) (quoting *Heller v. Shaw Indust., Inc.,* 167 F.3d 146, 155 (3d Cir. 1999)). "[T]he expert's testimony must be reliable at every step or else it is inadmissible." *Knight,* 482 F.3d at 355.

In her motion challenging the admissibility of Dr. Winklemann's testimony, the plaintiff does not challenge Dr. Winklemann's qualifications or the reliability of Dr. Winklemann's methodology or the facts underlying his opinions. Rather, the plaintiff argues that Dr. Winklemann's opinions are not *relevant* to the issues of liability or damages in this case and will not assist the trier of fact. Of course, the defendants dispute this contention, and the court struggles to see how, in a personal injury case in which the plaintiff's medical conditions and treatment needs are at issue, a medical expert's testimony as to the plaintiff's medical conditions and treatment needs are irrelevant.

The court will decline to find that Dr. Winklemann's testimony is irrelevant and inadmissible at this time. The plaintiff may raise her relevancy objection at trial, during which the court will be in a better position to assess the relevance of the particular testimony to which she objects based upon the specific issues then before the court.

Notwithstanding the above discussion, the court is persuaded by the plaintiff's challenge as to one aspect of Dr. Winklemann's report and expected testimony – his statement, "A history of post-concussive syndrome is very plausible, but not well documented." The court agrees with the plaintiff's contention that this statement is vague, speculative, and will not help the trier of fact to understand the evidence or to determine a fact in issue. Accordingly, that statement is stricken from Dr. Winklemann's report, and he may not offer such testimony at trial. The plaintiff's motion is granted in that respect and denied in all others.

Therefore, the Plaintiff's Motion to Exclude Testimony of Michael Winklemann, MD is GRANTED IN PART AND DENIED IN PART as discussed herein.

**SO ORDERED** on this the 12th day of December, 2024.

    /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE