IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KIMBERLY ALLCORN                                                 PLAINTIFF

v.                                               CIVIL ACTION NO. 1:23-CV-121-SA-DAS

PAMELA KAY BEACH;
WESTERN FLYER EXPRESS, LLC
d/b/a WESTERN FLYER XPRESS                             DEFENDANTS

ORDER

Now before the Court are the parties' Motions *in Limine* [107, 108], both of which are ripe for review. The Court is prepared to rule.

*Standard*

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *King v. Cole's Poultry, LLC*, 2017 WL 532284, at *1 (N.D. Miss. Feb. 9, 2017) (quoting *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015)) (additional citations omitted). "Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds." *Harkness*, 2015 WL 631512 at *1 (quoting *Fair v. Allen*, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011)). To that end, "[e]videntiary rulings 'should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.'" *King*, 2017 WL 532284 at *1 (quoting *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008)) (additional citations omitted). "Motions *in limine* should be narrowly tailored to address issues which will likely arise at trial and which require a pre-trial ruling due to their complexity and/or the possibility of prejudice if raised in a contemporaneous objection." *Id*. (quoting *Estate of Wilson v. Mariner Health Care, Inc.*, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008)).

*Analysis and Discussion*

Both Motions [107, 108] address various potential evidentiary issues. The Court will address each argument—beginning with Allcorn's filing.

I. *Allcorn's Motion in Limine [108]*

Allcorn's Motion [108] addresses nine potential evidentiary matters.

First, Allcorn contends that her prior driver's license suspension for DUI is inadmissible. The Defendants agree. That evidence is hereby EXCLUDED.

Second, Allcorn requests that "her prior arrests and speeding ticket be excluded." [108] at p. 1. Notably, although Allcorn's Motion [108] references a speeding ticket, her supporting Memorandum [110] only makes argument as to her prior arrests for theft.

In response, the Defendants concede that Allcorn's arrests prior to the accident are inadmissible. But they contend that her prior speeding ticket should be admitted since speeding is a central issue in this case.

Allcorn's failure to provide any context as to this speeding ticket and/or any argument related thereto simply leaves this Court unable to meaningfully assess the issue at this time. Therefore, to the extent Allcorn seeks exclusion of the speeding ticket, the Court will defer ruling until trial. The parties shall raise the issue to the Court prior to making any reference to the speeding ticket in front of the jury. However, recognizing the parties' agreement as to Allcorn's prior arrests, any evidence of the same is hereby EXCLUDED.

Next, Allcorn contends that evidence of her prior overdose is inadmissible. In response, the Defendants argue:

> Plaintiff is claiming up to $100,000.00 in future medications for the remainder of her life. Plaintiff's prior overdose is relevant to the life care plan. Further, Plaintiff claims she has lost wage earning capacity as a result of this accident. Plaintiff's prior overdose is

2

> relevant and probative of Plaintiff's wage earning capacity as well. Finally, Plaintiff denies any drug abuse in her IME by Dr. Winkelmann. Plaintiff's history of substance abuse and overdose goes directly to Plaintiff's credibility as well.

[114] at p. 1.

Allcorn has not provided sufficient context in support of her position for the Court to properly analyze this issue. The Court therefore defers ruling until trial so that it can be considered in the proper context. *See King*, 2017 WL 532284 at *1.

Next, Allcorn argues that "[e]vidence that [she] had first-party insurance to pay for the property damage to her vehicle is not relevant to this case." [110] at p. 3. The Defendants contend that evidence of Allcorn's automobile insurance is relevant because "Plaintiff sold her vehicle to her insurance company following receipt of a preservation demand for her vehicle from Defense counsel to her attorney. The Plaintiff's auto insurance is relevant to support Defendant's request for a spoliation instruction." [114] at p. 2.

As with other matters addressed above, the Court does not have sufficient context to resolve this issue at this time. The parties have provided minimal details on this evidentiary issue, and the Court is simply unable to resolve it without more.

The remainder of Allcorn's requests are unopposed. All evidence pertaining to Allcorn's health insurance, prior automobile accidents, prior bankruptcies, undergoing of a vertical sleeve medical procedure years prior to the collision, and lack of seatbelt at the time of the collision is hereby EXCLUDED.

    II.    *Defendants' Motion in Limine [107]*

The Defendants' Motion [107] contains twelve separate requests.

As to their first request, the totality of the Defendants' argument is as follows:

3

> No statement, reference or argument should be made that an award be based upon a "unit of time" calculation, *i.e.*, that a time span be broken down into smaller units such as weeks, days, hours, etc. and multiplied by a dollar amount to calculate a damage award, or based on any other specific calculation or rule. There is no fixed rule for determining damages for personal injuries. *Wal-Mart Stores, Inc. v. Frierson*, 818 So.2d 1135 (Miss. 2002).

[109] at p. 1-2.

In response, Allcorn agrees that "there is no fixed rule in determining an award for an injury's party's noneconomic damages" but directs the Court's attention to a Mississippi Supreme Court case decided in 1954—*4-County Elec. Power Ass'n v. Clardy*, 73 So.2d 144 (Miss. 1954).

The Court has reviewed that case and others. As the parties note, there is no fixed rule for determining damages in a personal injury case. And the Court is cognizant that counsel is typically afforded some latitude in making arguments to the jury. However, the Court also recognizes that there must be some limitation on that latitude. Prior to making any arguments of this nature to the jury, the parties should raise the issue with the Court (outside of the jury's presence) so that the Court can make a determination as to the specific arguments that counsel anticipates making.

The Defendants' second through fifth requests are agreed upon. Evidence relating to any party's financial status is hereby EXCLUDED. Additionally, there shall be no "conscience of the community" arguments made to the jury. Any such references are hereby EXCLUDED. References to any corporation, LLC, or business entity being without a heart or soul is hereby EXCLUDED. And the parties shall not place any exhibits not previously admitted into evidence before the jury without Court approval.

Next, the Defendants contend that Allcorn "should be prohibited from commenting, referring to or exhibiting any prior testimony of any witness who is available at trial if such statements are offered for purposes other than impeachment or rebuttal." [109] at p. 3. This request

4

is overly broad and runs afoul of this Court's often-repeated directive that "[m]otions *in limine* should be narrowly tailored to address issues which will likely arise at trial and which require a pre-trial ruling due to their complexity and/or the possibility of prejudice if raised in a contemporaneous objection." *King*, 2017 WL 532284 at *1. This request is not narrowly tailored, and the Court is therefore unable to make a definitive ruling on it at this time.

The Defendants' seventh request is multi-faceted. It requests that the Court prohibit references to:

    a)    What consequences Plaintiff or other lay witness believes resulted from the accident;

    b)    Jury damage awards in other cases to other plaintiffs, or the size of such awards, or other damage awards against any Defendants or any prior settlements, including the amount(s) of such settlements, to which any Defendant was a party;

    c)    The fact Plaintiff's recovery will be shared with their attorneys or the fact the attorneys have been required to incur expenses to bring this suit;

    d)    The belief the jury panel or any juror should "do unto others as you would have them do unto you;"

    e)    The idea the jury would "set the safety standards in Mississippi or any other area."

[109] at p. 3.

The first sub-part of this request is overly broad and difficult to follow. It is therefore denied. The remaining sub-parts are agreed upon as being inadmissible and hereby EXCLUDED.

The Defendants' eighth request seeks exclusion of "any argument or statement suggesting the members of the jury panel or jury would or would not take any amount of money to be in the position of plaintiff, or other language attempting to have the jurors place themselves in the

position of Plaintiff. Appeals to passion or prejudice are always improper and should never be allowed." *Id*. at p. 4.

In response, Allcorn concedes that Golden Rule arguments are improper. However, she contends that the request is otherwise phrased too broadly. The Court agrees. As with the Defendants' first request addressed above, counsel should raise any questionable arguments of this nature that they anticipate making to the Court prior to arguing them to the jury.

The Defendants' ninth request is that the Court "exclude any questions or line of questions objected to by the attorneys for Defendants at the deposition of any person deposed in this case and any reference to the comments by and between the various attorneys who were present at the depositions." [109] at p. 4. Without more, the Court is unable to issue a definitive ruling. The request is denied.

The Defendants' tenth request is agreed upon. Counsel is hereby PROHIBITED from asking the jury to "send a message."

In their eleventh request, the Defendants argue that the Court should exhibit any reference to punitive or exemplary damages. Those damages were not pled in the Complaint [2] and any reference to such damages is hereby PROHIBITED.

The Defendants' final request is extremely broad. The request contains ten sub-parts and seeks exclusion of things such as "personal opinions or beliefs of counsel, either expressly or by inference." [109] at p. 4. The Court sees no need to walk through each of these broadly phrased sub-parts. The Court expects counsel to conduct themselves in accordance with the standards of the profession and will address any *specific* evidentiary issues as they arise at trial.

*Conclusion*

For the reasons set forth above, both Motions [107, 108] are GRANTED IN PART and DENIED IN PART.

SO ORDERED, this the 18th day of February, 2025.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE